**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 2 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50351 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-00611-SVW-1 |
| v. | |
| SEAN DAVID MORTON, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted June 1, 2020[**]

Before:    SCHROEDER, CANBY, and TROTT, Circuit Judges.

Sean David Morton appeals his convictions for conspiracy to defraud the

United States, in violation of 18 U.S.C. § 371, making false claims against the

United States, in violation of 18 U.S.C. § 287, and presenting false financial

instruments, in violation of 18 U.S.C. §§ 514(a) and 2(b).  We have jurisdiction

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291, and we affirm.

Morton alleges that he was denied his Sixth Amendment right to counsel because the district court: (1) conducted a deficient colloquy under *Faretta v. California*, 422 U.S. 806 (1975), before granting his motion for self-representation, and (2) subsequently declined to appoint him counsel at sentencing. Reviewing de novo, *see United States v. Hantzis*, 625 F.3d 575, 579, 582 (9th Cir. 2010), we conclude that these arguments lack merit.

A district court is not required to follow a particular script in the course of a *Faretta* colloquy, but it "must insure that [the defendant] understands 1) the nature of the charges against him, 2) the possible penalties, and 3) the dangers and disadvantages of self-representation." *United States v. Erskine*, 355 F.3d 1161, 1167 (9th Cir. 2004) (citation and internal quotation marks omitted). Here, the record indicates that Morton was fully informed about the charges and possible penalties he faced. Morton's suggestion that the court was required to say more about the elements of each charge, and the government's burden of proof, is unavailing. *See Lopez v. Thompson*, 202 F.3d 1110, 1119 (9th Cir. 2000) ("In assessing waiver of counsel, the trial judge is required to focus on the defendant's understanding of the importance of counsel, not the defendant's understanding of the substantive law or the procedural details."); *United States v. Robinson*, 913 F.2d 712, 715 (9th Cir. 1990) ("[P]erfect comprehension of each element of a

17-50351

criminal charge does not appear to be necessary to a finding of a knowing and intelligent waiver."). Moreover, the district court warned Morton that it would be "foolish" to proceed without counsel given the complexity of his case, the difficulty he was likely to have observing the Federal Rules of Evidence and presenting his defense, and the experience and skill required to perform effectively at trial.

Morton confirmed that he understood the court's warning, but nevertheless wished to represent himself at trial. On this record, we conclude that the district court's *Faretta* inquiry was constitutionally sufficient and that Morton knowingly, intelligently, and unequivocally waived his right to counsel. *See Erskine*, 355 F.3d at 1169 (waiver is valid when the record indicates that defendant "knew what he was doing, and his decision was made with eyes open.") (internal alterations and quotation marks omitted).

Similarly, the district court did not err by denying as untimely Morton's motion for appointment of counsel at sentencing. Although "a defendant who has waived his right to counsel may nonetheless re-assert that right for the purposes of a sentencing proceeding," *Robinson v. Ignacio*, 360 F.3d 1044, 1059 (9th Cir. 2004), there are "times when the criminal justice system would be poorly served by allowing the defendant to reverse his course at the last minute and insist upon representation by counsel," *McCormick v. Adams*, 621 F.3d 970, 980 (9th Cir.

17-50351

2010) (quotation marks omitted). This request was one of those times. Morton did not make his request for counsel until the end of the sentencing hearing, and after the court had heard extensive argument from both parties. His request came just as the court was prepared to announce its sentence. Under these circumstances, we conclude that the district court correctly rejected as untimely Morton's request for appointment of counsel.

Morton also unpersuasively argues that the indictment did not properly charge a conspiracy under § 371 and that the evidence was insufficient to sustain his conspiracy conviction. The indictment adequately informed Morton of the elements of a § 371 offense and the facts underlying that charge. *See United States v. Lane*, 765 F.2d 1376, 1380 (9th Cir. 1985). Moreover, the evidence was sufficient to show that Morton entered into an agreement to defraud the United States by dishonest and deceitful means. *See United States v. Kaplan*, 836 F.3d 1199, 1211-12 (9th Cir. 2016) (evidence is sufficient if any rational trier of fact could have found the elements of the crime beyond a reasonable doubt).

Likewise, Morton's arguments that the evidence was insufficient to sustain his convictions under §§ 287 and 514(a) have no merit. *See Kaplan*, 836 F.3d at 1211-12. Moreover, Morton is incorrect that the § 287 charges were brought outside the five-year statute of limitations. *See* 18 U.S.C. § 3282(a). To the extent this argument relies on the date the first superseding indictment was filed, it fails

17-50351

because Counts 2 and 3 of the superseding indictment were identical to those in the original indictment, and therefore the statute was tolled as to those charges. *See United States v. Pacheco*, 912 F.2d 297, 305 (9th Cir. 1990).

Contrary to Morton's assertion, the district court properly applied the Federal Rules of Evidence and Criminal Procedure, *see* Fed. R. Evid. 1001(a) & Fed. R. Crim. P. 1(a)(1), and it did not abuse its discretion in its evidentiary or discovery rulings, *see United States v. Thornhill*, 940 F.3d 1114, 1117 (9th Cir. 2019) ("A district court's evidentiary rulings are reviewed for abuse of discretion."); *United States v. Soto-Zuniga*, 837 F.3d 992, 998 (9th Cir. 2016) ("We review discovery rulings for abuse of discretion."). Furthermore, Morton has not shown that the district court plainly erred in issuing the jury instructions he challenges for the first time on appeal. *See United States v. Alferahin*, 433 F.3d 1148, 1153-54 (9th Cir. 2006).

Finally, the record does not support Morton's claim that the government engaged in outrageous conduct or selectively prosecuted him. *See United States v. Hullaby*, 736 F.3d 1260, 1262 (9th Cir. 2013) (stating test for outrageous government conduct claim); *United States v. Bourgeois*, 964 F.2d 935, 938 (9th Cir. 1992) (stating standard for selective prosecution claim). Neither has Morton shown that the district court was unfairly biased against him. *See United States v. Wilkerson*, 208 F.3d 794, 797-98 (9th Cir. 2000).

We reject Morton's remaining challenges as unsupported by the record and applicable law.

**AFFIRMED.**